IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § Criminal Action No. 3:15-CR-559-D(1) | |
| VS. § | |
| § | |
| PATIENCE OKOROJI, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

In this memorandum opinion and order, the court addresses the following motions filed by defendant Patience Okoroji ("Okoroji"): January 12, 2018 motion for specific and advance discovery; January 12, 2018 motion for *James* hearing; and January 12, 2018 request for notice of intent to use evidence pursuant to Fed. R. Evid. 404(b).[*] Okoroji, along with five other defendants, is charged in Count 1 of the superseding indictment with conspiracy to commit healthcare fraud, in violation of 18 U.S.C. § 1349, and in Counts 2 through 6 with healthcare fraud, in violation of 18 U.S.C. § 1347, and aiding and abetting healthcare fraud, in violation of 18 U.S.C. § 2. The trial is set for July 23, 2018.

I

Okoroji's January 12, 2018 request for notice of intent to use evidence pursuant to Fed. R. Evid. 404(b) is unopposed. Accordingly, the court grants the motion and orders that the government comply with its disclosure obligations under Rule 404(b) no later than the

---

[*]This case was transferred to the undersigned's docket on March 20, 2018.

deadline specified *infra* at § III.

II

In Okoroji's January 12, 2018 motion for specific and advance discovery inspection, she moves for 10 categories of discovery. The court has organized some of Okoroji's categories of evidence into subcategories for purposes of this memorandum opinion and order.

A

*Rule 16 Evidence*

In request No. 1, Okoroji requests that the government be ordered to disclose any written or recorded statements made by Okoroji, the substance of any statements made by her that the government intends to offer in evidence at trial, any response made by her to interrogation, the substance of any oral statements that the government intends to introduce at trial, any written summaries of Okoroji's oral statements contained in the reports or handwritten notes of a government agent, and any other statements by Okoroji that are discoverable under Fed. R. Crim. P. 16(a)(1)(A).

To the extent that Okoroji requests discovery that the government is required to disclose under Rules 16(a)(1)(A)-(D), 12(b)(4), and 26.2, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny, and/or the Jencks Act, 18 U.S.C. § 3500, the motion is granted. To the extent her requests exceed what is required by these authorities, the motion is denied.

B

*Impeachment Evidence*

Okoroji requests in request No. 2 that the government be ordered to disclose, before trial, all statements, agreements, and/or promises, express or implied, made to or with any government witness in exchange for his testimony or cooperation in this case, and all other information that could arguably be used for the impeachment of any government witness. In request No. 3, Okoroji requests that the government be ordered to disclose, before trial, all proffer agreements, immunity agreements, motions for immunity, orders for immunity, plea agreements, and motions for downward departure filed on behalf of any government witness, including, but not limited to, cooperating codefendants and unindicted coconspirators. She requests in request No. 4 that the government be ordered to disclose, before trial, any evidence in its possession that would provide a basis to argue that any prospective government witness is biased or prejudiced against her or has any motive to falsify or distort his testimony. In request No. 5, Okoroji requests that the government be ordered to disclose, before trial, any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to her, including, but not limited to, conduct during the time period alleged in the indictment, and also requests that the presentence reports for each of the codefendants who will be testifying for the government be submitted to the court for *in camera* review. Okoroji requests, in request No. 6, that the government be ordered to disclose, before trial, any evidence that any prospective witness is currently under

investigation by federal, state, or local authorities for any criminal conduct. In request No. 7, she requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substances or has ever abused alcohol or any other intoxicating substances.

To the extent Okoroji requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent her requests exceed what is required by these authorities, the motion is denied. The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § III.

If a presentence report ("PSR") has been prepared for a codefendant who will be testifying for the government, the government must seek court approval to disclose, and must then disclose to Okoroji, any part of the PSR for which disclosure is required under *Brady* or its progeny, *Giglio* or its progeny, and/or the Jencks Act.

C

*Witness Names and Addresses*

Okoroji requests in request No. 8 that the government be ordered to disclose the name and last known address of prospective government witnesses and the name and last known address of every witness to the crime or crimes charged or any of the overt acts committed in furtherance thereof who will not be called as a government witness.

To the extent Okoroji requests discovery that the government is required to disclose

under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. The government must also file the witness lists required by the court's local criminal rules. To the extent her requests exceed what is required by these authorities, the motion is denied. The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § III.

D

*Favorable Witnesses*

In request No. 9, Okoroji requests that the government be ordered to disclose the name of any witness who made an arguably favorable statement concerning Okoroji or her participation in the crimes charged.

To the extent Okoroji requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent her requests exceed what is required by these authorities, the motion is denied. The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § III.

E

*Witness Statements*

Okoroji requests, in request No. 10, that the government be ordered to disclose all material to which she is entitled pursuant to the Jencks Act and Rule 26.2, reasonably in advance of trial. She contends that a verbal acknowledgment that "rough" notes or reports constitute an accurate account of a witness' interview is sufficient for the reports or notes to

qualify as statements under 18 U.S.C. § 3500(e)(1). She also requests pretrial production of Jencks material to expedite cross-examination and to avoid lengthy recesses during trial.

To the extent Okoroji requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent her requests exceed what is required by these authorities, the motion is denied.

The court denies Okoroji's request regarding a pretrial production deadline for witness statements, except to the extent it has granted codefendant Kelly Robinett's ("Robinett's") April 14, 2017 unopposed motion for early disclosure of Jencks Act materials and is ordering that Jencks Act materials be disclosed by July 9, 2018 at noon. *See infra* § III. "18 U.S.C. § 3500(b) (which pertains to the government) and Rule 26.2(a) (which pertains to the government and to a defendant) do not authorize the court to compel a party to produce a witness statement any earlier than after a witness has testified on direct examination." *United States v. Khoury*, 2014 WL 6633065, at *5 (N.D. Tex. Nov. 24, 2014) (Fitzwater, J.). "In this district, however, it is the custom for Jencks Act-type materials, including statements under Rule 26.2(a), to be disclosed at the end of the business day preceding the date on which the defendant will begin his cross-examination of a witness." *Id*. The court is imposing an even earlier deadline in this case based on Robinett's unopposed motion for early disclosure of Jencks Act materials, in which he requests that disclosure be made not less than one week before the commencement of trial. The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified

*infra* at § III.

III

Except to the extent that the Jencks Act and Rule 26.2(a) permit later disclosure, the government must comply with its discovery obligations under case law, statute, rule, and this memorandum opinion and order no later than July 2, 2018 at noon.

Concerning material covered by the Jencks Act or Rule 26.2(a), the government must disclose such statements no later July 9, 2018 at noon.

IV

Okoroji moves for a pretrial hearing to determine the admissibility of any statements made by alleged coconspirators that the government intends to offer under Fed. R. Evid. 801(d)(2)(E).

The government responds that a separate hearing is not mandatory under *United States v. James*, 590 F.2d 575 (5th Cir. 1979) (en banc); that the court retains the discretion to decide whether to conduct such a hearing; that a pretrial *James* hearing would not be an efficient use of the court's or the parties' resources; and that the court should carry its ruling on the existence of a conspiracy, the identities of the members of the conspiracy, and the admissibility of coconspirator statements against certain defendants, subject to the government's later connection in its case-in-chief.

In *James* the Fifth Circuit held that coconspirator statements are admissible as non-hearsay under Rule 801(d)(2)(E) only if substantial independent evidence of a conspiracy exists. *James*, 590 F.2d at 581. But "[a] *James* hearing, conducted outside the

presence of the jury, is *one potential method* by which the district court may ensure [that] the Government can satisfy the predicate facts needed to prove the conspiracy independent of the statements." *United States v. Williams*, 264 F.3d 561, 576 (5th Cir. 2001) (emphasis added). Deciding "[w]hether a *James* hearing is necessary in a particular case [is] within the discretion of the trial court." *Id.* "*James* has *never required* a hearing outside the presence of the jury." *United States v. Fragoso*, 978 F.2d 896, 899 (5th Cir. 1992) (emphasis added).

In this case, the court concludes that convening such a hearing would be burdensome and effectively result in a mini-trial of potentially considerable length, given that one of Okoroji's requests is that the government be required to prove at the hearing the existence of a conspiracy, that Okoroji knew of and participated in the conspiracy, and that the statements were made in the course and in furtherance of the conspiracy. Presumably, Okoroji would insist that the government make this showing through the witnesses whom the government intends to call to testify at trial. The government is not obligated in a conspiracy case involving Rule 801(d)(2)(E) evidence to participate in a form of elaborate pretrial discovery conducted under the guise of requiring that it satisfy the predicate facts needed to prove the admissibility of coconspirator statements. Accordingly, the court denies the motion.

The court recognizes that, during the trial, it must "whenever reasonably practicable, require the showing of a conspiracy and of the connection of the defendant with it [pursuant to Rule 801(d)(2) (E)] before admitting declarations of a coconspirator." *Fragoso*, 978 F.2d at 900. In complying with Rule 801(d)(2)(E), the court must determine whether there is

sufficient "'evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made during the course and in furtherance of the conspiracy.'" *Id.* (internal quotation marks omitted) (quoting *Bourjaily v. United States*, 483 U.S. 171, 175 (1987)).  The court will adhere to these requirements in trying this case.

Okoroji's motion for *James* hearing is denied.

**SO ORDERED**.

April 5, 2018.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE